HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MAYDAY MOVIE PRODUCTIONS, LLC,

Plaintiff,

v.

SCOTT CHRISTIAN SAVA, *et al.*,

Defendant.

Case No. 2:19-cv-01053 RAJ

ORDER

This matter comes before the Court on Plaintiff MayDay Movie Productions LLC's ("MayDay") Motion for Temporary Restraining Order ("TRO"). Dkt. # 12. For the reasons below, the Court **GRANTS** MayDay's motion.

## I. BACKGROUND

On or about September 21, 2016, MayDay entered into an agreement to provide loan financing for an upcoming motion picture, *Animal Crackers*. Dkt # 12 at 21; Dkt. # 12-1. The agreement was amended roughly two years later, on July 9, 2018, following an additional investment made by MayDay. Dkt # 12 at 21-22; Dkt. # 12-2. Under the July 9, 2018 amendment, Defendant Animal Crackers Movie, Ltd. assigned and transferred all copyright and ownership interest in and to *Animal Crackers* to MayDay until certain conditions were met, including repayment of the initial loan. *Id.* The assignment was subsequently recorded by the U.S. Copyright Office. Dkt. # 12-4.

Despite the assignment, and despite the fact that the loan has not yet been repaid, on July 13, 2018, Defendants Animal Crackers Movie, Ltd. and Scott Christian Sava

ORDER – 1

released *Animal Crackers* in China to 12,000 screens without any authorization from MayDay. Dkt. # 12 at 22-23. A few months later, in November 2018, clips from *Animal Crackers* were released its Facebook page for free public consumption, again without MayDay's authorization. Dkt. # 12 at 24. According to Mayday, Defendant Sava, one of the picture's producers, controls the content of the Facebook page. *Id.*

The dispute between the parties continued into 2019. On or about February 13, 2019, another post was made on the *Animal Crackers* Facebook page stating that the picture would be released in other markets around August 30, 2019. Dkt. # 12 at 24. MayDay further declares that on July 3, 2019, Sava informed investors that he hoped to sign contracts "this week or next to get the film out" and that searches of imdb.com now show *Animal Crackers* has distributors in various countries, including the United States, Russia, Australia, South Africa, Argentina, and Bulgaria. *Id.* at 25-26. Defendants' conduct has undermined MayDay's negotiating position with licensees and business partners who may be interested in acquiring the distribution rights to *Animal Crackers*. *Id.* at 26. Additionally, due to Defendants' actions, MayDay has been unable to inspect or control the physical elements of the picture, which is currently in possession of a post-production company. *Id.* at 27.

On July 8, 2019, MayDay filed a complaint in this Court alleging copyright infringement and breach of contract. Dkt. # 1. On July 16, 2019, MayDay filed the instant motion for temporary restraining order and served Defendants by personal service, overnight mailing, and email. Dkt. # 12 at 33. Defendants have not provided a response to MayDay's motion.

## II. DISCUSSION

A TRO is "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). To obtain a TRO, MayDay must show that (1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm in the absence of preliminary relief, (3) the

ORDER – 2

balance of equities tips in its favor, and (4) an injunction is in the public interest. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009).

Having reviewed the motion, the complaint, the submissions of the parties, the relevant portions of the record, and the applicable law, the Court concludes that MayDay has carried its burden to establish these elements. In particular, MayDay has submitted sufficient evidence of its exclusive rights granted under the *Animal Crackers* copyright as well as evidence of Defendants' past and potentially imminent distribution of *Animal Crackers* to markets worldwide. *See* Dkt. # 12-2; Dkt. # 12-4. Accordingly, the Court finds that MayDay is likely to prevail on its claim of copyright infringement. *See Vernor v. Autodesk, Inc.*, 621 F.3d 1102, 1107 (9th Cir. 2010) (copyright infringement occurs whenever someone "violates any of the exclusive rights of the copyright owner," including the exclusive distribution right). As for irreparable harm, the declarations filed in support of MayDay's motion show that Defendants or their agents may continue distributing *Animal Crackers*, and otherwise block access to the film, thereby irreparably harming MayDay's ability to exercise control over its distribution. *See Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 841 (9th Cir. 2001) ("Evidence of a threatened loss of prospective customers or goodwill certainly supports a finding of the possibility of irreparable harm."); *Sega Enterprises Ltd. v. MAPHIA*, 857 F. Supp. 679, 689 (N.D. Cal. 1994) (finding irreparable harm where the defendants' distribution of the infringed work prior to its approved release subjected plaintiff to reputational and business damage).

Lastly, the Court finds that the public interest embodied in the United States Copyright Act, 17 U.S.C. §§ 101 et seq., as well as the equities in this matter warrant granting a temporary restraining order for purposes of maintaining the status quo. *See Disney Enterprises, Inc. v. VidAngel, Inc.*, 869 F.3d 848 (9th Cir. 2017) (noting that "the public has a compelling interest in protecting copyright owners' marketable rights to their work") (quoting *WPIX, Inc. v. ivi, Inc.*, 691 F.3d 275, 285–86 (2d Cir. 2012)).

ORDER – 3

Therefore, for the reasons above, the Court **GRANTS** MayDay's motion. In its Motion for a TRO, MayDay also requests relief in the form of an order to show cause why a preliminary injunction should not issue. Dkt. # 12. The Court concludes that this request should be granted to the extent that Defendants must file a brief in opposition to MayDay's request for a preliminary injunction on or before August 8, 2019, and MayDay may file a reply on or before August 15, 2019.

### III. CONCLUSION

For the reasons stated above, the Court **GRANTS** MayDay's motion. Accordingly, the TRO is effective as of the date of this Order. Defendants must file a brief in opposition to MayDay's request for a preliminary injunction on or before August 8, 2019, and MayDay may file a reply on or before August 15, 2019. MayDay shall serve on Defendants, or their registered agents, or their counsel, a copy of this Order.

DATED this 18th day of July, 2019.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 4